UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| FISCHER CROSSINGS DEVELOPMENT | ) | CASE NO. 08-12904-WHD |
| GROUP, LLC, | ) | |
| | ) | |
| DEBTOR. | ) | |
| DONALD F. WALTON, | ) | |
| UNITED STATES TRUSTEE, | ) | |
| | ) | |
| MOVANT | ) | |
| | ) | |
| -vs- | ) | CONTESTED MATTER |
| | ) | |
| FISCHER CROSSINGS DEVELOPMENT | ) | |
| GROUP, LLC, | ) | |
| | ) | |
| RESPONDENT. | ) | |

**MOTION TO DISMISS OR CONVERT CASE**

COMES NOW Donald F. Walton, United States Trustee for Region 21, and respectfully moves this Court to dismiss this case or convert it to chapter 7. In support of his motion, the United States Trustee shows as follows.

STATEMENT OF APPLICABLE STATUTE

1.

Bankruptcy Code section 1112(b)(1) provides that:

... on request of a party in interest, and after notice and a hearing, absent unusual circumstances.....the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.

2.

Section 1112(b)(4) provides in part that:

For purposes of this subsection, the term 'cause' includes:

(F)  unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this title... [and]

(H)  failure to provide information or attend meetings reasonably requested by the United States Trustee.

3.

"Section 1112(b)(4) provides a non-exhaustive list of causes for conversion or dismissal. *See In re AmeriCERT, Inc.*, 360 B.R. 398, 401 (Bankr. D. N.H. 2007); *In re 3 Ram, Inc.*, 343 B.R. 113, 117 (Bankr.E.D. Pa.2006) ('While the enumerated examples of cause to convert or dismiss a chapter 11 case now listed in § 1112(b)(4) have changed under BAPCPA, the fact that they are illustrative, not exhaustive has not.')." *In re Pittsfield Weaving Co.*, 393 B.R. 271, 273 (Bankr. D. N.H. 2008).

4.

Bankruptcy Code  section 1112 provides that, except as provided in section 1104(a)(3),  if the party moving for dismissal or conversion establishes cause, absent unusual circumstances specifically identified by the Court that establish that the requested dismissal or conversion is not in the best interests of creditors and the estate, the Court shall dismiss or convert the case to chapter 7, whichever is in the best interest of creditors and the estate.

11 U.S.C. § 1112(b)(1).[1]

5.

Once cause is established, relief is mandatory unless the debtor meets its burden under section 1112(b)(2). *In re Kholyavka*, 2008 WL 3887653 at FN9. Pursuant to section 112(b)(2), the debtor must demonstrate (A) reasonable likelihood of confirming a plan within the timeframes established by sections 1112(e) and 1129(e), if applicable; and (B) reasonable justification for the act or omission, other than under paragraph (4)(A) [substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation] that will be cured within a reasonable period of time to be fixed by the Court.

6.

"Although section 1112 does not define the phrase 'unusual circumstances,' it clearly contemplates conditions that are not common in most chapter 11 cases. Although each chapter 11 case is to some extent unique, and unusual circumstances may exist in any particular case regardless of its size or complexity, the import of section 1112(b) is that, if cause exists, the case should be converted or dismissed unless unusual facts or circumstances demonstrate that the purposes of chapter 11 would be better served by maintaining the case as a chapter 11 proceeding." *In re Kent*, 2008 WL 5047799 at *6 (Bankr. N.D. Arizona), *In re Blixseth*, 2009 WL 1525994 (Bankr. D. Montana).

---

[1] Section 1104(a)(3) provides that the Court shall order the appointment of a trustee if grounds exist to convert or dismiss the case under section 1112, but the court determines that the appointment of a trustee or an examiner is in the best interests of creditors and the estate.

STATEMENT OF FACTS

7.

The debtor commenced this case on October 6, 2008, by filing a petition for relief under chapter 11 of the United States Bankruptcy Code.

8.

The debtor is serving as a debtor-in-possession in this case. 11 U.S.C. § 1101(1).

9.

The debtor has not filed a plan of reorganization and disclosure statement.

10.

The debtor's exclusive time to file its plan has expired. See Order entered October 14, 200. [Docket Entry No. 117]

11.

As a debtor-in-possession, the debtor is required to perform certain duties of a trustee, including those listed in Bankruptcy Code section 704(a)(8). 11 U.S.C. § 1106(a)(1).

12.

Bankruptcy Code section 704(a)(8) requires the debtor file with the Court and the United States Trustee periodic reports and summaries of the operation of its business, including a statement of receipts and disbursements, and such other information as the United States Trustee or the Court requires.

13.

Federal Rule of Bankruptcy Procedure 2015(a) directs chapter 11 debtors-in-

possession to file the reports and summaries required by section 704(a)(8), including a statement, if payments are made to employees, of the amounts of deductions for all taxes required to be withheld or paid for or in behalf of employees and the place where these amounts are deposited.  Rule 2015 also requires debtors in possession to file and transmit to the United States Trustee statements of quarterly disbursements and fees payable under 28 U.S.C. § 1930(a)(6).

14.

The United States Trustee is responsible for ensuring all reports, schedules, and fees required to be filed by a debtor are properly and timely filed, monitor the progress of the case, and take the necessary action to prevent undue delay in such progress.  28 U.S.C. § 586 (a)(3)(D) and (G).

15.

Accordingly, the United States Trustee for Region 21 has established Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees ("the Guidelines").  Every chapter 11 debtor receives a copy of the Guidelines at the beginning of the case and thereby receives written notice of the obligation to file monthly operating reports in a timely manner.  The Guidelines explicitly state that compliance is essential and that the debtor's failure to comply may result in the United States Trustee filing a motion to dismiss or convert the case, a motion for appointment of a chapter 11 trustee or an examiner, or a motion for sanctions.

16.

The monthly reports are due on the 20th day of each month.

17.

The docket shows the debtor has not filed reports for the months of October and November 2009.

ARGUMENT

18.

Cause exists for dismissing or converting this case because the debtor has failed to rile required reports and the debtor has failed to propose a plan in a timely manner.

19.

Monthly operating reports are much more than busy work imposed upon chapter 11 debtors. "They are the life blood of chapter 11, enabling creditors to keep tabs on the debtor's post-petition operations. Failure to file them-and file them timely-is a serious breach of the debtor's fiduciary obligations and undermines the Chapter 11 process." *In re Kholyavka*, 2008 WL 3887653 at *4 (Bankr. E.D.Pa), citing *All Denominational New Church*, 268 B.R. 536, 538 (8th Cir. BAP 2001).

20.

The United States Trustee should not be forced to implore a chapter 11 debtor to file monthly operating reports in a timely manner. *In re McClure*, 69 B.R. 282, 290 (Bankr. N.D. Ind. 1987). "Performance of this fiduciary obligation is a *quid pro quo* for the protection the debtor enjoys under the reorganization provisions of the Bankruptcy Code." *In re Kholyavka*

2008 WL 3887653 at *4.

21.

The debtor's failure to file the required monthly operating reports when due is a cause for conversion of this case. 11 U.S.C. § 1112(b)(4)(F).

22.

Failure or inability to obtain confirmation of a plan within a reasonable period of time constitutes cause for dismissal or conversion of a chapter 11 case under 11 U.S.C. § 1112(b). *See In re American Capital Equipment, Inc.*, 405 B.R. 415, 426-7 (Bankr. W.D.Pa. 2009) (inability "to effectuate a confirmable plan within a reasonable period of time ... remains a viable basis for conversion given that 'the list of examples of cause [for conversion] under [11 U.S.C.] section 1112(b) [ (4) ] is not exhaustive.'") (citing 7 Collier on Bankruptcy, ¶ 1112.04[5][b] at 1112-38 (Bender 2008)); *In re DCNC North Carolina I, LLC*, 407 B.R. 651, 665 (Bankr. E.D.Pa. 2009) ("Fundamental bankruptcy policy continues to support the proposition that the inability to propose a feasible reorganization or liquidation plan provides 'cause' for dismissal or conversion of a chapter 11 case on request of an interested party."). *See also In re Global Ship Systems, LLC*, 391 B.R. 193, 202 (Bankr. S.D.Ga. 2007) (holding that lack of good faith in filing may still be considered in determining whether cause exists under current statute); *In re 3 Ram, Inc.*, 343 B.R. 113, 116-17 (Bankr.E.D.Pa.2006) ("While the enumerated examples of 'cause' to convert or dismiss a chapter 11 case now listed in § 1112(b)(4) have changed under BAPCPA, the fact that they are illustrative, not exhaustive has not."); *In re Ameribuild Const. Management, Inc.*, 399 B.R. 129, 131-2 (Bankr. S.D.N.Y.

2009); *In re Pittsfield Weaving Co.*, 393 B.R. 271, 274 (Bankr. D.N.H. 2008).

WHEREFORE, the United States Trustee requests the Court dismiss this case or convert it to chapter 7.

DONALD F. WALTON
United States Trustee, Region 21

<u>*s/ Jeneane Treace*</u>
R. JENEANE TREACE
Georgia Bar No. 716620
United States Department of Justice
Office of the United States Trustee
362 Richard B. Russell Building
75 Spring Street, S.W.
Atlanta, Georgia  30303
(404)331-4437
jeneane.treace@usdoj.gov

CERTIFICATE OF SERVICE

       I certify that on January 7, 2010, I served a copy of this motion by First Class United States Mail upon the following persons-

**Fischer Crossings Development Group, LLC**
2004 Commerce Drive, North
Suite 110
Peachtree City, GA 30269

**John A. Christy**
Schreeder, Wheeler & Flint, LLP
1100 Peachtree Street
Suite 800
Atlanta, GA 30309-4516

**Alisa H. Aczel**
Troutman Sanders LLP
Suite 5200
600 Peachtree Street, NE
Atlanta, GA 30308-2216

**Simon H. Bloom**
The Bloom Law Firm, LLP
Suite 2140
100 Peachtree Street, N.E.
Atlanta, GA 30303

**Peter B. Glass**
Ledbetter Johnson Wanamaker Glass, LLP
100 Colony Square, Ste. 1100
1175 Peachtree St., NE
Atlanta, GA 30361

**Catherine Harrison King**
Miller & Martin PLLC
1170 Peachtree Street NE
Suite 800
Atlanta, GA 30309

**Albert F. Nasuti**
Thompson, O'Brien, Kemp & Nasuti
Suite 300
40 Technology Parkway South
Norcross, GA 30092

**James H. Rollins**
Holland & Knight LLP
One Atlantic Center, Ste 2000
1201 West Peachtree St., NE
Atlanta, GA 30309

**George Rosenzweig**
Rosenzweig, Jones, Horne & Griffin PC
32 S Court Square
PO Box 220
Newnan, GA 30264

**L. Penn Spell**
Spell Pless Davis Sauro, PC
Suite 1750 The Proscenium
1170 Peachtree Street, NE
Atlanta, GA 30309-7675

**John A. Thomson, Jr.**
Womble Carlyle Sandridge & Rice, PLLC
Suite 2400
271 17th Street, N.W.
Atlanta, GA 30363-1017

**R. Brian Wooldridge**
Mann & Wooldridge
28 Jackson Street
PO Box 310
Newnan, GA 30264-0310

                                *s/ Jeneane Treace*
                                R. Jeneane Treace