IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| FISCHER CROSSINGS DEVELOPMENT | ) | CASE NO. N08-12904-WHD |
| GROUP, LLC, | ) | |
| | ) | JUDGE W. HOMER DRAKE |
| Debtor. | ) | |

## RESPONSE AND OBJECTION TO TRUSTEE'S MOTION TO DISMISS

**COMES NOW** Richard R. Harp Excavation, Inc. ("Harp"), the entity that filed the above-captioned involuntary proceeding against Fischer Crossings Development Group, LLC, debtor in the above-captioned action (the "Debtor"), and, pursuant to this Court's Order and Notice dated January 11, 2010, herewith files its Response and Objection to the Motion to Dismiss that has been filed in the above-captioned action by Donald F. Walton, the United States Trustee for Region 21 (the "Trustee"). In support of its Response and Objection, Harp respectfully shows this Court as follows:

### I. There is No Ongoing Diminution to the Estate in This Case, and The Debtor is Making Progress Toward a Meaningful Rehabilitation

The Trustee has correctly observed that 11 U.S.C. § 1112(b)(4) provides a laundry list of factors and conditions under which it may be appropriate to dismiss or convert a Chapter 11 case. One of those factors is ". . . Substantial or continuing loss or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." 11 U.S.C. § 1112(b)(4)(A). The Trustee alleges that it is appropriate to convert the above-captioned action because the Debtor has not filed a Plan, and cannot file a plan within ". . . a reasonable period of time."

WCSR 4301928v1

As this Court is well aware, the last three years have seen a disruption of real estate and real estate development in the Atlanta metropolitan area of absolutely epic proportions. Literally hundreds of projects in the Atlanta area, including residential, retail, office and industrial, have lost their sources of capital funding and have been forced to suspend construction and further development. The Chapter 11 cases of <u>In re Fourth Quarter Properties</u>, Case Nos. 09-13968, 09-13959, 09-13960, 09-13961, 09-13962 and 09-13963, which are currently pending before this Court, are illustrative of the problems that have plagued real estate developers in the Atlanta area. Developers such as the Debtor have been hit with the triple burden of i) loss of capital financing, ii) loss of either sales or rental demand for the finished real estate product, and iii) a precipitous drop the value of the real estate arising out of an increase in the capitalization rate, which reflects the heightened demand for return on capital invested in real estate. For many of these projects, there is no exit strategy at this time, and the debtors and lenders have no real alternatives for returning the projects to a position where they return cash flow to service debt and provide a return to equity.

Fischer Crossings is a rare instance of progress and success on an otherwise dismal real estate landscape. The Debtor currently owns roughly 87.5 acres of undeveloped land in Coweta County that has been zoned for retail development. The property is situated at the intersection of Fischer Crossings Road and Georgia State Highway 34, in an area of Coweta and Fayette Counties that has rapidly expanded. This locale will continue to develop and expand as the United States emerges from the current recession. Retail and service concerns have identified the location of the Debtor's property as a "Main at Main" location, with exposure and access to large residential populations.

Harp filed the above-captioned action in the face of an impending foreclosure by Bank of Coweta on one of the Debtor's primary parcels of undeveloped land. Since the Petition Date, the Debtor has sold one parcel of land, including approximately 17.92 acres, to Bright Meyers Peachtree City Associates, LLC, as agent for Sam's Wholesale Club. The purchase price for this parcel was approximately $6,731,000. The bulk of the proceeds from this sale were used to substantially curtail the Debtor's secured obligation to Republic Bank. Perhaps more important than the sale itself, the Sam's Club transaction created a scenario by which sanitary sewer lines will be brought to the Fischer Crossing area, thus greatly facilitating further development of the intersection and generating future "tap" fees for the Debtor in excess of $1,500,000.00.

The Debtor has entered into a contract to sell another tract at the Fischer Crossings development to Owosso 3 Cinemas, Inc., which intends to use the tract for the construction of a theater metroplex. The purchase price for this transaction is approximately $3,500,000.00.

The Debtor's principal, Scott Seymour, is apparently working with other regional and national retailers and service providers for the purchase of other tracts or out parcels at the Fischer Crossings development. As and when these negotiations produce contracts, which will apparently happen in the near term, the Debtor will generate sales contracts that will produce proceeds sufficient to liquidate the claims of Republic Bank, the Bank of Coweta and Fischer Road Mezzanine Loan, LLC, the Debtor's major secured creditors. A recent appraisal of the Debtor's property, which was prepared by CB Richard Ellis in October, 2008, shows that the Debtor's property had a value, before the installation of the sewer line, of $33,900,00.00, which is more than sufficient to pay all of the Debtor's secured and unsecured debt in full.

The momentum for the Debtor's property that started with the Sam's Club sale, and has accelerated as the sanitary sewer line has been brought to the property, is causing a marked *increase* in the value of the Debtor's property. The Debtor's efforts to date have thus enhanced the prospects for the Debtor to repay its debts in full. Contrary to the provisions of 11 U.S.C. § 1112(b)(4)(A), there has been absolutely no diminution in the value of the Debtor's property during the pendency of this case.

As the Trustee aptly notes in his pleading, dismissal is not appropriate if there are unusual circumstances that would justify the continuation of the case. The current real estate market in the Atlanta area is precisely the type of unusual circumstance that Congress anticipated when it drafted 11 U.S.C. § 1112(b)(1). The real estate market in Atlanta has taken deteriorated to such an extent that good, well located projects like Fischer Crossings are having to devote an inordinate amount of time to attract retailers, hospitality providers and other service providers that are willing to purchase land and initiate projects. The important point to remember with regard to Fischer Crossings is that, unlike a number of similar projects in the metropolitan Atlanta area, Fischer Crossings continues to make steady progress and momentum that is increasing the value of its assets. This progress will take time, and may not fit into the traditional timelines prescribed by 11 U.S.C. § 1121 (it is important to note that the Debtor has outstanding remaining outstanding secured debt of more than $8,000,000.00, and thus is not close to fitting within the definition of a small business debtor, which specifies that the Debtor may have no more than $2,190,000 in secured and unsecured debt. 11 U.S.C. § 101(51D). The Debtor is thus not subject to the provisions of 11 U.S.C. § 1129(e). This progress in the face of such a depressed market is more than ample cause to provide the Debtor with additional time to sell

property, enhance the value of its remaining assets, and arrive at an exit strategy that can serve as the foundation for a confirmable plan.

### II. The Debtor's Failure to File Monthly Operating Reports Can be Explained and Easily Rectified

The Debtor is essentially being operated by one principal who is actively engaged in marketing the Debtor's assets to suitable national and regional concerns that wish to locate a facility at Fischer Crossings. Until there are more sales of property at Fischer Crossings that can reduce and curtail the outstanding debt to the secured creditors, the Debtor is operating on limited post-petition resources to fund administrative tasks. Nevertheless, Harp acknowledges and agrees that every Chapter 11 debtor has an obligation to file Monthly Operating reports, and understands the Trustee's concerns in this regard.

The Debtor has filed Monthly Operating Reports through September 30, 2009. Since the Debtor has no current cash flow, the Monthly Reports should be fairly simple, it should be relatively easy for the Debtor to rectify its delinquency in filing its Monthly Operating reports. Mr. Christy is an experienced and competent bankruptcy practitioner, and Harp is confident that Mr. Christy and his staff can mobilize the resources necessary to file these reports.

### III. Conclusion

This case is a rare success story in the Atlanta real estate market. Nevertheless, it will take longer for this Debtor to complete its rehabilitation than the time periods normally imposed by the Bankruptcy Code upon debtors before this Court. Because the Debtor has demonstrated clear momentum, and an ability to sell its assets in the face of this dismal market, this case should not be dismissed. Instead, the Debtor should be provided additional time to continue its

WCSR 4301928v1

marketing operations, which have substantially increased the value of the Debtor's property during the course of this case.

Respectfully Submitted this 29th day of January, 2010.

WOMBLE CARLYLE SANDRIDGE & RICE, PLLC

By:  /s/ John A. Thomson, Jr.
John A. Thomson, Jr.
State Bar No. 706760

271 17th Street, N.W.
Suite 2400
Atlanta, GA  30363-1017
Direct Phone: (404) 888-7409
Direct Fax: (404) 870-4841
jthomson@wcsr.com

**Counsel for Richard R. Harp Excavation, Inc.**

- 6 -

WCSR  4301928v1

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 29, 2010, a true and correct copy of the within and foregoing **RESPONSE AND OBJECTION TO TRUSTEE'S MOTION TO DISMISS** was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

| | |
|---|---|
| John A. Christy, Esq.<br>Schreeder, Wheeler & Flint, LLP<br>1100 Peachtree St. NE<br>Suite 800<br>Atlanta, GA  30309-4516 | Office of United States Trustee<br>U.S. Trustee Program, Region 21<br>Richard Russell Federal Building<br>Room 362<br>75 Spring Street, S.W.<br>Atlanta, GA  30303 |
| George C. Rosenzweig, Esq.<br>P.O. Box 220<br>Newnan, GA  30264 | Jeffrey W. Kelley, Esq.<br>Troutman Sanders LLP<br>Bank of America Plaza<br>600 Peachtree Street, NE<br>Suite 5200<br>Atlanta, GA 30308-2216 |

In addition, a true and correct copy of the within and foregoing pleading has been served upon counsel of record by placing same in the United States postal service with proper postage affixed thereto and addressed to the following:

| | |
|---|---|
| Kenneth H. Kraft, Esq.<br>Parker, Hudson, Rainer & Dobbs LLP<br>1500 Marquis Two Tower<br>285 Peachtree Center Avenue, N.E.<br>Atlanta, Georgia 30303 | Albert F. Nasuti, Esq.<br>Thompson, O'Brien, Kemp & Nasuti<br>Suite 300<br>40 Technology Parkway South<br>Norcross, GA 30092 |

This 29th day of January, 2010.

      /s/ John A. Thomson, Jr.
John A. Thomson, Jr.
State Bar No. 706760

Womble Carlyle Sandridge & Rice, PLLC
271 17th Street, N.W.
Suite 2400
Atlanta, GA  30363-1017
(404) 888-7409 direct dial
(404) 870-4841 direct fax
jthomson@wcsr.com

WCSR  4301928v1